FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 1 2 2006 ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KINGVISION PAY-PER-VIEW LTD.,
as Broadcast Licensee of the November 13, 2004
Ruiz/Golota Program,

       Plaintiff,    05 CV 3682 (SJ)(RML)

- against -       **MEMORANDUM
              & ORDER**

RAFAEL DEJESUS, Individually and as an officer,
director, shareholder and/or principal of PUNTO
LATINO RESTAURANT CORP. d/b/a PUNTO
LATINO RESTAURANT a/k/a PUNTO LATINO,
and PUNTO LATINO RESTAURANT CORP.
d/b/a PUNTO LATINO RESTAURANT a/k/a
PUNTO LATINO,

       Defendants.
-----------------------------------------------------------------X

APPEARANCES:

LONSTEIN LAW OFFICE, P.C.
Julie Cohen Lonstein, Esq.
1 Terrace Hill, Box 351
Ellenville, NY 12428
Attorney for Plaintiff

JOHNSON, Senior District Judge:

  Presently before the court is a request from <u>pro se</u> individual defendant Rafael DeJesus ("DeJesus"), on behalf of himself and corporate co-defendant, Punto Latino Restaurant Corp. (collectively, "Defendants"), to vacate the order of default judgment entered by this Court on January 14, 2006 (the "Order") in the

P-049

above captioned case. For the reasons stated herein, Defendants' request is hereby denied.

## BACKGROUND

Plaintiff brought this action on August 4, 2005, alleging that Defendants knowingly and willfully violated the Communications Act of 1934, as amended, 47 U.S.C. § 605 (1996). Plaintiff's Complaint alleges that Defendants, operators of taverns and restaurants in the New York City area, unlawfully intercepted and exhibited the Ruiz/Golota pay-per-view boxing event on November 13, 2004. The Summons and Complaint were served on Defendants on August 23, 2005. After proper service on Defendants, Defendants did not answer, otherwise appear, or file a request for an extension of time prior to the deadline to do so, which was September 12, 2005.[1] On November 23, 2005, Plaintiff filed a motion for default judgment against Defendants. (See Docket No. 05 CV 3682, Entry 6.) The Court granted that motion on January 14, 2006 and referred the case to the assigned magistrate judge to submit to the Court a report and recommendation with respect to damages, fees, and costs. (Order at 2.)

On February 14, 2006, DeJesus, the individual defendant, remitted a letter

---

[1] Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure provides, in pertinent part, that "a defendant shall serve an answer within 20 days after being served with the summons and complaint."

2

P-049

to this Court on behalf of himself and the corporate defendant.² (See Docket No. 05 CV 3682, Entry 11.) In that letter, DeJesus informed the court that Defendants did not serve an answer to Plaintiff's Complaint because he is unable to speak or read English. (Defs.' 2/14/06 Letter at 1.) DeJesus also stated that he has been unable to obtain an attorney for Defendants because he could not afford to do so. DeJesus provided the Court with copies of the corporate defendant's bank account statements and electrical bills, as well as various attorneys' business cards with professional fee quotes, to support this claim. (Id. at 2-7.) Based on the above circumstances, Defendants requested that the Court vacate the Order entered against them and appoint counsel for both parties.

To determine the veracity of Defendants' assertions, and before requiring formal motion practice on Defendants' request for reconsideration, the Court scheduled a status conference in this matter for March 31, 2006, at 9:30 AM and notified all interested parties accordingly. Plaintiff, in its much-appreciated efforts to assist the Court, also sent a letter in both English and Spanish to Defendants to advise them of the status conference. At the scheduled date and time, Plaintiff appeared but Defendants failed to do so.

---

²Defendants' letter also requested that the matter of J&J Sports Productions, Inc. et al. v. Punto Latino Restaurant Corp. et al., No. 05 CV 5809, a case initially assigned to the Honorable Allyne R. Ross, be transferred to this Court, as the named defendants and the attorney representing the named plaintiff are the same as those in the instant action. (Defs.' 2/14/06 Letter at 1.) The Court granted that request on March 7, 2006. (See Docket No. 05 CV 5809, Entry at 3/7/2006.)

3

P-049

# DISCUSSION

## I. Motion to Vacate Default Judgment

When good cause is shown, the Court may, in an exercise of its discretion, set aside, in accordance with Rule 60(b) of the Federal Rules of Civil Procedure, a judgment of default that has been entered. Fed. R. Civ. P. 55(c). Rule 60(b)(1) permits the reopening of a judgment entered against a party due to mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Because Defendants' letter fails to set forth any legal basis for the requested relief under Rule 60, it is appropriate to analyze his claims under the excusable neglect standard, as provided in Rule 60(b)(1).[3] Kingvision Pay-Per View Ltd. v. Brito, No. 05 CV 1042, 2005 U.S. Dist. LEXIS 14917, at *3 (S.D.N.Y. July 25, 2005).

In analyzing whether to lift the entry of a default judgment, a district court should consider (1) the willfulness of a defendant's default; (2) whether a defendant has a meritorious defense; and (3) whether any prejudice will result from vacating the default judgment. Mingoia et al. v. North East Constr. Co., No. 03 CV 7622, 2005 U.S. Dist. LEXIS 25762, at *3 (S.D.N.Y. Oct. 27, 2005).

---

[3] In the absence of more formal motion practice, and the general wisdom that pro se submissions should be liberally construed and read to raise the strongest arguments they suggest, see, e.g., Abrahamson v. United States, No. 03 CV 4677, 2004 U.S. Dist. LEXIS 7150, at *2-3 (S.D.N.Y. Apr. 26, 2004), the Court construes Defendants' February 14, 2006 letter as a motion to vacate the Court's Order entering default judgment.

4

In the context of a default judgment, conduct that is more than merely negligent or careless is deemed willful. Kingvision Pay-Per View Ltd. v. Brito, 2005 U.S. Dist. LEXIS 14917, at *3 (citation omitted). Additionally, to prove that there is a meritorious defense to a plaintiff's claims, "the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." Id. (citation omitted). Finally, when considering prejudice to the non-defaulting party, a court may find that delay is a sufficient basis for establishing prejudice if it will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Id. (citation omitted).

Before considering the merits of Defendants' request that the Order be vacated, the Court recognizes that "[i]t is well established that default judgments are disfavored" and that "[a] clear preference exists for cases to be adjudicated on the merits." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001). Given this preference, any doubts "should be resolved in favor of the defaulting party." Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001) (citation and internal quotations omitted). The Court also recognizes that relief from the entry of a default judgment is left "to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Id. (citation

P-049

omitted).

In an exercise of its discretion, the Court declines to vacate its Order. The Court first notes that Defendants' motion is untimely. In the case of a court order resulting in a judgment, a notice of motion for reconsideration must be served within ten business days after the entry of the judgment. Local Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; Fed. R. Civ. P. 6(a). Here, the Order was signed on January 14, 2006 and entered on January 19, 2006; thus, the reconsideration motion was due on February 2, 2006. Given that the motion was received by the Court on February 18, 2006, the motion is untimely.

Defendants' motion also fails on the merits. First, Defendants have not demonstrated that their default was not willful. Defendants waited for approximately six months after Plaintiff served its Summons and Complaint before submitting any documents advising the Court of their inability to understand the Complaint, to obtain counsel, or to answer adequately the claims against them. Notwithstanding this delay, the Court opted to provide Defendants with an opportunity to be heard in open court regarding their nonfeasance. Defendants wasted this opportunity by failing to appear at the scheduled status conference. Given Defendants continued failure to appear, the Court cannot credit the self-

P-049

serving assertions contained in Defendants' letter regarding the reasons for their default and thus is unable to find that their default is not willful.

Second, Defendants' letter does not provide any indication of any potentially meritorious defenses to Plaintiff's Complaint. Moreover, the Court is unaware of any additional submissions by Defendants that provide the slightest suggestion that such defenses exist. The Court therefore has no cause to believe that any defense, much less a complete defense, exists in this case.

Admittedly, the Court has not conducted any inquiries into the prejudice that Plaintiff would suffer if the Court were to vacate its Order. However, given that the Court has concluded that Defendants' default was not the result of mere negligence or carelessness and that they lack meritorious defenses to Plaintiff's claims, the Court need not make a finding of prejudice to deny Defendants' motion to vacate the Court's Order. See SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) (holding that, even in the absence of prejudice, a district court has discretion to deny a motion to vacate a default judgment if it is persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense).

## II. Motion for Appointment of Counsel

Defendants' request for the appointment of counsel must also be denied.

P-049

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." The standard in this circuit for appointment of pro bono counsel in civil cases is set forth in Cooper v. A. Sargenti Co., Inc., 877 F.2d 170 (2d Cir. 1989). The Cooper court emphasized that the threshold inquiry is "whether the indigent's position [i]s likely to be one of substance." Cooper, 877 F.2d at 172. Only where the indigent passes this test of likely merit should the court consider other criteria. See Cooper, 877 F.2d at 172. These criteria include:

> [the] ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity.

Id.

With respect to the corporate defendant, Punto Latino Restaurant, the Court appreciates that a corporation is required by 28 U.S.C. § 1654 to appear in this action through counsel. See Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991). However, the Court is not authorized to appoint counsel to a corporation because only natural persons may qualify for the benefit of the pro bono counsel appointment provisions of 28 U.S.C. § 1915(e)(1). See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194 (1993) (holding that the definition of "person" in the context of 28 U.S.C. § 1915 is a natural person, and does not include artificial entities).

8

P-049

With respect to the individual defendant, DeJesus, as previously discussed, the Court is unable to find that he has any defense to the claims against him and thus cannot determine that his position is likely to be one of substance, as provided in Cooper. Therefore, the Defendants' application for pro bono counsel must be denied.

## CONCLUSION

For the reasons stated herein, the Court hereby DENIES Petitioner's request to vacate the Court's Order and to appoint counsel to the parties in this case.

SO ORDERED.

Dated: April 10, 2006

Brooklyn, New York

s/SJ

Senior U.S.D.J.

cc: Rafael DeJesus
9504 35th Avenue
Apartment 3A
Jackson Heights, NY 11372-8544
Defendant

9

Punto Latino Restaurant
95-08 35th Avenue
Jackson Heights, NY 11372-6028
Defendant